# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-cv-02042-JCM-PAL |
| Plaintiff, | **REPORT OF FINDINGS AND RECOMMENDATION** |
| vs. | (Mtn to Strike - Dkt. #14) |
| $87,456.00 IN UNITED STATES CURRENCY and $54,800.00 IN CASINO CHIPS, | |
| Defendant. | |

This matter is before the court on the government's Motion to Strike Loon Kim Lok's Answer for Failing to Comply with the Pleading Requirements of Supplemental Rule G(5) (Dkt. #13). The court has considered the Motion, Claimant Aria Resort & Casino's ("Aria") Joinder (Dkt. #14), Loon Kim Lok's Opposition (Dkt. #15), and the government's Reply (Dkt. #17).

This is a forfeiture action initiated by the government on November 29, 2012, in connection with a criminal prosecution. The Complaint (Dkt. #1) alleges the Defendant currency and casino chips are subject to forfeiture because they were obtained by Lok in violation of 18 U.S.C. § 1028. *See* 18 U.S.C. § 981(a)(1)(C). Specifically, the government alleges that on June 12, 2012, Lok was detained by security personnel at Aria and later arrested by Las Vegas Metropolitan Police Department for fraudulently using another person's MGM-issued player's card and attempting to increase the value of the player's card's marker from $75,000.00 to $100,000.00. Upon his arrest, Lok surrendered $54,800.00 in casino chips and $7,456.00 in cash that he had in his possession. The following day, police confiscated $80,000.00 in cash from the trunk of Lok's car in the Aria garage.

After filing the Complaint, the government published notice of the Complaint on the internet at www.forfeiture.gov. Additionally, on January 16, 2013, the government mailed the Complaint by

1  regular and registered mail to Lok and his attorney, Scott Holder.  The government contends Lok failed
2  to file a verified claim as required by Rule G(5) of the Supplemental Rules.  By failing to a verified
3  claim, Lok has not identified any ownership or possessory interest in the seized assets and lacks
4  standing to contest the forfeiture.  Therefore, the court should strike Lok's Answer (Dkt. #5).

5        Lok responds that on June 26, 2012, his counsel, Mr. Holper, received a Notice of Forfeiture
6  along with a letter from the Asset Forfeiture Division of the U.S. Attorney's Office advising Lok that if
7  he wanted to contest the forfeiture, he would need to file a petition for remission/mitigation and a
8  verified claim.  *See* Letter and Notice, attached to Opposition as Exhibit 1.  Lok asserts he filed both
9  items on August 13, 2012.  *See* Petition and Verified Claim, attached to Opposition as Exhibit 2; *see*
10 *also* UPS Receipt, attached as Exhibit 3 to Opposition.  After Lok was served with the forfeiture
11 Complaint, he asserts he filed an Answer and Verified Claim (Dkt. #10) and served it on the
12 government on February 1, 2013.  *See* Certificate of Service, attached to Opposition as Exhibit 4.  Lok
13 asserts he has met all the statutory requirements to contest the forfeiture and complied with
14 Supplemental Rule G(5) and has standing to proceed.  Therefore, the court should not strike his
15 Answer.

16       The government replies that Lok's factual assertions are incorrect because Lok has not filed a
17 verified claim in this case.  He only filed an Answer, and he is required to file a verified claim as well.
18 He has not, and his administrative claim does not satisfy the statutory requirement to file a judicial
19 claim once this lawsuit was filed.  The government relies on cases from the Third and Sixth Circuits
20 and other district courts in the Ninth Circuit that have refused to allow an administrative claim to
21 substitute for a judicially-filed claim.  These cases have held that a litigant who fails to file a verified
22 claim in judicial forfeiture proceedings lacks standing to contest the forfeiture.

## **DISCUSSION**

24       This in rem civil forfeiture action arises out of a federal statute, 18 U.S.C. § 981, and is
25 therefore governed by 18 U.S.C. § 983 and the Supplemental Rules for Admirality or Maritime Claims
26 and Asset Forfeiture Actions (the "Supplemental Rules").  *See* Supp. R. A(1)(B); 18 U.S.C. § 983
27 (general rules for civil forfeiture proceedings); *United States v. $100,348.00 in U.S. Currency,* 354 F.3d
28 1110, 1116 (9th Cir. 2004) (citing *United States v. 2659 Roundhill Drive,* 283 F.3d 1146, 1149 n.2 (9th

1  Cir. 2002)). Supplemental Rule G(5) provides that a person who claims an interest in the defendant
2  property subject to forfeiture must file "a claim in the court where the action is pending." Supp. R.
3  G(5)(a)(I). The claim must identify the property claimed and the claimant, it should state the claimant's
4  interest in the property and be signed by the claimant under penalty of perjury, and it should be served
5  on government counsel. *See* Supp. R. G(5)(i)(A)-(D). The Rule also requires a verified claim to be
6  filed in the court where the forfeiture action is pending prior to filing an answer. *See* Supp. R. G(5)(b)
7  (answer to complaint must be filed within twenty days after filing claim); *see also* 18 U.S.C.
8  § 953(a)(4)(B) (same).

9       A claimant seeking to contest a civil forfeiture must demonstrate both Article III standing and
10 statutory standing. *See United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1148 (9th Cir.
11 1989). To establish statutory standing, the claimant must comply with the procedural requirements in
12 the Supplemental Rules. *See United States v. Real Property Located in Fresno County,* 135 F.3d 1312,
13 1316-17 (9th Cir. 1998). A party who fails to comply with these procedural requirements lacks
14 standing as a party to the action. *Id.* Thus, to establish standing in a forfeiture case, a claimant must
15 comply with the "most significant" procedural requirement of Supplemental Rule G and file a verified
16 claim. *See United States v. $487,825.00,* 484 F.3d 662, 665 (3d Cir. 2007). The verified claim
17 requirement in Rule G(5) is not a mere procedural technicality. *$487,825.00,* 484 F.3d at 665. If the
18 claimant fails to file a verified claim, he does not have standing as a party to the forfeiture action. *See*
19 *United States v. One Dairy Farm,* 918 F.2d 310, 311 (1st Cir. 1990). Filing a verified claim is a
20 prerequisite to the right to answer and defend on the merits. *Id.* Courts have "repeatedly emphasized"
21 that forfeiture claimants must strictly adhere to the filing requirements to perfect standing. *$487,825.00,*
22 484 F.3d at 665. Pursuant to Supplemental Rule G(5), the government may, at any time before trial,
23 move to strike a claim or answer for failure to file a verified claim. *See* Supp. R. G(8)(c)(i)(A); *see also*
24 *United States v. $38,570 U.S. Currency,* 950 F.2d 1108, 1112-1115 (5th Cir, 1992) (answer properly
25 stricken where claimant filed an untimely claim).

26      A review of the docket reflects that Lok filed an Answer on February 1, 2013. There is nothing
27 in the court's record to show that Lok filed a verified claim with the court as required by Supplemental
28 Rule G(5). Although the certificate of service attached to Lok's Answer provides that "Lok's Verified

Claim and Answer to Complaint for Forfeiture" was mailed to government counsel on February 1, 2013, a verified claim was not filed with the court.  The Answer itself does not contain a verified claim, and its title, "Claimant Look Kim Lok's Answer to Verified Complaint for Forfeiture In Rem," does not reference a verified claim.  Nowhere in this document or elsewhere on the court's docket has Lok filed a verified claim.

The petition for remission or mitigation that Lok submitted to the United States Secret Service does not satisfy the verified claim requirement of Supplemental Rule G(5).  A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief.  *United States v. U.S. Currency in the Amount of $2,857.00,* 754 F.2d 208, 214 (7th Cir. 1985).  It does not qualify as a verified claim under Supplemental Rule G(5) because (a) it was mailed prior to service of the forfeiture Complaint; and (b) it was mailed to the U.S. Secret Service, not the court.  Supplemental Rule G(5) requires the verified claim to be filed *after* a claimant receives process of a forfeiture complaint, and it must be filed with the court.  Supp. R. G(5)(a)(i), (ii).  Finally, Lok was advised by the district judge in an Order (Dkt. #3) entered December 12, 2012, of the requirement to file a verified claim under Supplemental Rule G(5), yet failed to file a verified claim with the court.  *See* Order (Dkt. #3) at 2:1-5.

For all of these reasons,

**IT IS RECOMMENDED** that Lok's Answer (Dkt. #10) be STRICKEN.

Dated this 19th day of June, 2013.

                                            PEGGY A. LEEN
                                            UNITED STATES MAGISTRATE JUDGE