1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:12-CV-2042 JCM (PAL)

8    UNITED STATES OF AMERICA,

9                    Plaintiff(s),

10   v.

11   $142,256.00 IN UNITED STATES
     CURRENCY AND/OR CASINO
12   CHIPS, et al.,

13                    Defendant(s).

14

15

16                                            **ORDER**

17          Presently before the court is Magistrate Judge Leen's report and recommendation.  (Doc. #

18   18).  The report recommends that claimant Loon Kim Lok's ("Lok") answer be stricken.  (*Id.*).  Lok

19   has filed objections to the report (doc. # 20) and both the United States and Aria Resort & Casino

20   Holdings, LLC ("Aria") have filed replies (doc. ## 21, 22).

21   **I.    Background**

22          This is a forfeiture action initiated by the government on November 29, 2012, in connection

23   with a criminal prosecution.  The complaint alleges the defendant currency and casino chips are

24   subject to forfeiture because they were obtained by Lok in violation of 18 U.S.C. § 1028.  It is

25   alleged that Lok was detained by security personnel at Aria and later arrested by Las Vegas

26   Metropolitan Police Department for fraudulently using another person's MGM-issued player's card

27   and attempting to increase the value of the player's card marker from $75,000 to $100,000.  Upon

28

**James C. Mahan**
**U.S. District Judge**

1   his arrest, Lok surrendered $54,800 in casino chips and $7,456 in cash.  The following day, police

2   confiscated $80,000 in cash from the trunk of Lok's car in the Aria garage.

**II.    Legal standard**

4        The court "may accept, reject, or modify, in whole or in part, the findings or

5   recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  Where a party timely objects

6   to a magistrate judge's report and recommendation, then the court is required to "make a de novo

7   determination of those portions of the [report and recommendation] to which objection is made."

8   28 U.S.C. § 636(b)(1).  Lok has timely objected to all of the magistrate's findings.  Accordingly, the

9   court conducts a de novo review of the entire report.

**III.    Discussion[1]**

11        This in rem civil forfeiture action arises out of a federal statute, 18 U.S.C. § 981, and is

12   therefore governed by 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime

13   Claims and Asset Forfeiture Actions (the "Supplemental Rules").  *See* Supp. R. A(1)(B); 18 U.S.C.

14   § 983 (general rules for civil forfeiture proceedings); *United States v. $100,348.00 in U.S. Currency,*

15   354 F.3d 1110, 1116 (9th Cir. 2004) (citing *United States v. 2659 Roundhill Drive,* 283 F.3d 1146,

16   1149 n.2 (9th Cir. 2001).

17        Supplemental Rule G(5) provides that a person who claims an interest in the defendant

18   property subject to forfeiture must file "a claim in the court where the action is pending."  Supp. R.

19   G(5)(a)(I). The claim must identify the property claimed and the claimant, it should state the

20   claimant's interest in the property, be signed by the claimant under penalty of perjury, and it should

21   be served on government counsel.  *See* Supp. R. G(5)(i)(A)-(D). The rule also requires a verified

22   claim to be filed in the court where the forfeiture action is pending prior to filing an answer. *See*

23   Supp. R. G(5)(b)(answer to complaint must be filed within twenty days after filing claim); *see also*

24   18 U.S.C. § 953(a)(4)(B) (same).

25        A claimant seeking to contest a civil forfeiture must demonstrate both Article III standing and

26   statutory standing. *See United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1148 (9th Cir.

27

28

[1] Lok does not object to the magistrate's factual or legal authority, and the court adopts it as follows.

James C. Mahan
U.S. District Judge

- 2 -

1   1989).  To establish statutory standing, the claimant must comply with the procedural requirements

2   in the Supplemental Rules. *See United States v. Real Property Located in Fresno County,* 135 F.3d

3   1312, 1316-17 (9th Cir. 1998).  A party who fails to comply with these procedural requirements

4   lacks standing as a party to the action. *Id.*  Thus, to establish standing in a forfeiture case, a claimant

5   must comply with the "most significant" procedural requirement of Supplemental Rule G and file

6   a verified claim. *See United States v. $487,825.00,* 484 F.3d 662, 665 (3d Cir. 2007).

7          The verified claim requirement in Rule G(5) is not a mere procedural technicality.

8   *$487,825.00,* 484 F.3d at 665. If the claimant fails to file a verified claim, he does not have standing

9   as a party to the forfeiture action. *See United States v. One Dairy Farm,* 918 F.2d 310, 311 (1st Cir.

10  1990).  Filing a verified claim is a prerequisite to the right to answer and defend on the merits.  *Id.*

11  Courts have "repeatedly emphasized" that forfeiture claimants must strictly adhere to the filing

12  requirements to perfect standing.  *$487,825.00,* 484 F.3d at 665. Pursuant to Supplemental Rule

13  G(5), the government may, at any time before trial, move to strike a claim or answer for failure to

14  file a verified claim. *See* Supp. R. G(8)(c)(i)(A); *see also United States v. $38,570 U.S. Currency,*

15  950 F.2d 1108, 1112-1115 (5th Cir, 1992) (answer properly stricken where claimant filed an

16  untimely claim).

17         A review of the docket reflects that Lok filed an answer on February 1, 2013.  (Doc. # 10).

18  There is nothing in the court's record to show that Lok filed a verified claim with the court as

19  required by Supplemental Rule G(5).  Although the certificate of service attached to Lok's answer

20  provides that "Lok's Verified Claim and Answer to Complaint for Forfeiture" was mailed to

21  government counsel on February 1, 2013, a verified claim was not filed with the court. The answer

22  itself does not contain a verified claim, and its title, "Claimant Loon Kim Lok's Answer to Verified

23  Complaint for Forfeiture In Rem," does not reference a verified claim.  Nowhere in this document

24  or elsewhere on the court's docket reflects that Lok filed a verified claim.

25         The petition for remission or mitigation that Lok submitted to the United States Secret

26  Service does not satisfy the verified claim requirement of Supplemental Rule G(5).  A petition for

27  remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief. *United*

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

*States v. U.S. Currency in the Amount of $2,857.00,* 754 F.2d 208, 214 (7th Cir. 1985). It does not qualify as a verified claim under Supplemental Rule G(5) because: (a) it was mailed prior to service of the forfeiture complaint; and (b) it was mailed to the U.S. Secret Service, not the court.

Supplemental Rule G(5) requires the verified claim to be filed *after* a claimant receives process of a forfeiture complaint, and it must be filed with the court. Supp. R. G(5)(a)(i), (ii). Finally, Lok was advised by this court in an order (doc. #3) entered December 12, 2012, of the requirement to file a verified claim, yet still failed to do so.

Rather than including relevant points and authorities, Lok instead dedicates the entirety of his objections to arguing that the court should set aside default under Fed. R. Civ. P. 55. However, no default judgment was entered in this case, and Rule 55 is inapplicable.

The single case relied upon by Lok is a Sixth Circuit case which, in actuality, undermines his position. *See United States v. $22,050.00 in United States Currency*, 595 F.3d 318 (6th Cir. 2010). There, the claimant convinced the court that neither he nor his attorney had received the summons or a copy of the forfeiture complaint, and that he had only received notice of the action when the government served him with a copy of the request for default. While the Sixth Circuit recognized that the Supplemental Rules should be strictly enforced, it ultimately applied Rule 55 simply because default had been entered.

By contrast, Lok was aware of the forfeiture complaint as evidenced by the filing of his answer. Additionally, the government has not sought default, but has instead sought to strike Lok's procedurally improper answer. To the extent the Sixth Circuit's holding in *$22,050.00* is applicable, it undermines Lok's position. In discussing its precedent, that court held that where "the claimant knew of and timely responded to the forfeiture action but did not file a verified claim. . . we held that it was not an abuse of discretion to strike the claim because we require strict compliance with the supplemental rules as a prerequisite for statutory standing to challenge a forfeiture action." *See $22,050.00*, 595 F.3d at 323 n. 5 (citations omitted).

Such is the case here. Lok has admittedly failed to comply with the Supplemental Rules by failing to file a verified complaint. Accordingly, he lacks statutory standing to challenge this

James C. Mahan
U.S. District Judge

- 4 -

1   forfeiture action.

2   **IV.     Conclusion**

3          Claimant Lok failed to submit a verified claim as required by the Supplemental Rules. As

4   such, he has no standing.  A default judgment was not entered in this matter, and his Fed. R. Civ. P.

5   55(c) arguments are misplaced.  The magistrate's report and recommendation is adopted in its

6   entirety.

7          Accordingly,

8          IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Leen's

9   report and recommendation (doc. # 18) be, and the same hereby is, ADOPTED in its entirety.

10         IT IS FURTHER ORDERED that claimant Aria's motion to strike (doc. # 14) be, and the

11  same hereby is, GRANTED.

12         IT IS FURTHER ORDERED that the United States' motion to strike (doc. # 13) be, and the

13  same hereby is, GRANTED.

14         IT IS FURTHER ORDERED that claimant Look Kim Lok's answers (doc. ## 10, 19) be, and

15  the same hereby are, STRICKEN.

16         DATED February 11, 2014.

17

18  _____
    **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge