# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff(s),<br><br>   v.<br><br>$142,256.00 IN UNITED STATES CURRENCY AND/OR CASINO CHIPS,<br><br>                  Defendant(s). | Case No. 2:12-CV-2042 JCM (PAL)<br><br>ORDER |

Presently before the court is the government's motion for default judgment of forfeiture. (Doc. # 46).

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ." Fed. R. Civ. P. 55(a).  Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed.R.Civ.P. 55(b)(2).

Obtaining a default judgment entails two steps: "first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).  Where a party has not been properly served, there is no basis for a court to enter default judgment. *See Fairly v. Potter*, 2003 WL 402261, \*4 (N.D. Cal. 2003).

. . .

**James C. Mahan**
**U.S. District Judge**

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

On September 16, 2014, the clerk of the court entered default. (Doc. # 45). Plaintiff has properly complied with Rule 55 and now asks the court to enter default judgment against defendant under Federal Rule of Civil Procedure 55(b)(2). After considering the *Eitel* factors, the court finds it appropriate to enter default judgment against the defendant.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that plaintiff's motion for default judgment of forfeiture (doc. # 46) is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall prepare an appropriate judgment.

DATED October 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -